# Tallent *v.* The State.

*Indictment for Selling Property upon which there was a Lien.*

1. *Indictment for selling property covered by lien; code form sufficient.*—An indictment for selling personal property covered by a lien, which is in the form prescribed by the Code (Crim. Code, p. 335, form 78), is sufficient and not subject to demurrer.

APPEAL from the Circuit Court of Cherokee.
Tried before the Hon. J. A. BILBRO.

The appellant in this case was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment, I. N. Tallent, whose Christian name is otherwise unknown to the grand jury, with the purpose to hinder, delay or defraud G. K. Appleton, who had a lawful and

valid claim thereto under a written instrument, to-wit., a mortgage, did sell or remove personal property, to-wit, a shot gun of the value of fifteen dollars, the said I. N. Tallent having at the time a knowledge of the existence of such claim, against the peace and dignity of the State of Alabama." The defendant demurred to the foregoing indictment on the following grounds: 1. "The indictment fails to allege the owner of the property sold or removed. 2. Said indictment fails to charge any offense under the law. 3. It fails to disclose who executed the mortgage that Appleton held." This demurrer was overruled.

Upon the introduction of the evidence, the defendant, among other charges, requested the court to give to the jury the following written charge: "If the jury believe all the evidence, they must find the defendant not guilty." The court refused to give this charge, and the defendant separately excepted.

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State.

SIMPSON, J.—The indictment in this case, is in the form prescribed, Criminal Code, p. 335, and the demurrer to the same was properly overruled.

The court erred in refusing to give the general charge in favor of the defendant, ᐢs there was no evidence that the defendant either removed or sold the gun in question.—Code of Ala. § 4757.

The judgment of the court is reversed and the cause remanded.

McCLELLAN, C.J., TYSON and ANDERSON, J.J., concurring.